LOTTINGER, Judge.
This appeal arises from a judgment sustaining the peremptory exception raising the objection of no cause of action in a suit brought by plaintiff, Airline Construction Company, Inc. (hereinafter referred to as Airline), for damages against defendant, the Ascension Parish School Board (hereinafter referred to as School Board) for violating the public bid law, La.R.S. 38:2211 et seq.
FACTS
At dispute is a contract awarded July 26, 1986, by the School Board to Picou Construction Company after the Board advertised and received bids for the completion of the Galvez Primary School project. Airline does not dispute that Picou was the lowest bidder, but contends that its bid was not in accordance with the specifications of the School Board that stated that any pre-qualified bids would be rejected. Airline argues that Picou qualified its bid by stating its subcontractors would undertake the work at the quoted price only if existing monies owed to them were paid before they entered into a new subcontract with Picou. Airline contends that it was the next lowest bidder, that it had bid according to the contract plans and specifications as advertised, and that its bid was not pre-qualified.
The contract called for Picou to commence work on or before August 4, 1986, and to complete the work on or before December 29, 1986. The board authorized a change order allowing an additional 95 days for completion. On March 12, 1987, Airline filed suit to recover $313,200.00 in lost profits it claims it would have made had it received the contract. The School Board filed the peremptory exception raising the objection of no cause of action, on the basis that Airline’s exclusive remedy was injunctive relief pursuant to La.R.S. 38:222o.[1]
*1242 TRIAL COURT
Oral arguments on the exception were heard November 9, 1987, by which time the trial court determined the contract had been substantially completed. In written reasons for judgment, the court noted it was “faced with the prospect of seeing the board pay the entire contract price to Picou Brothers Construction Company and pay an additional $313,200.00 profit to Airline Construction Company, Inc. whose only work towards the project would have been to submit a bid and file suit for damages.” The court then relied on Bristol Steel and Iron Works, Inc. v. State, Department of Transportation and Development, 507 So.2d 1233 (La.1987) to maintain the board’s peremptory exception raising the objection of no cause of action. In Bristol, the Louisiana Supreme Court held that in-junctive relief was not available to the low bidder when the construction of the project was over 90 percent complete.
ASSIGNMENTS OF ERROR
Airline appeals, alleging the trial court erred:
1) In finding that plaintiffs petition did not state a cause of action;
2) In holding that the only relief available to a wronged “low bidder” on a Public Works contract, where the statutory bidding requirements have been violated, was that of injunctive relief;
3) In concluding that to allow plaintiff the right to recovery for the School Board’s violation of the Public Bid Law would subject the defendant to “double liability”; and
4) In considering matters which were not properly before the court on an exception of no cause of action.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
The threshold issue is whether a low bidder can seek damages without seeking injunctive relief?
In support of the trial court’s decision, the School Board basically argues that La. R.S. 38:2220 establishes injunctive relief as the exclusive remedy. Additionally, the School Board argues that injunctive relief and damages are mutually exclusive, that is, you cannot recover both at the same time.
La.R.S. 38:2220 was enacted by Act 103 of 1977, and amended by Act 795 of 1979. Subsection A of 2220, the null and void provision, has always been a part of the public contract law, first enacted by Act 73 of 1926. The injunctive relief provision, Subsection B, however, was not added until 1979. Nevertheless, the courts have usually allowed such relief.
We do not read into the injunctive relief provision of the statute any intention on the part of the legislature to limit the relief available. If the legislature had so intended to limit the relief available, it could have very easily done so. We are bolstered in this interpretation (1) by the failure of the legislature to provide a time period within which to seek injunctive relief, and (2) the enactment of Act 795 of 1979.
In the absence of a time period within which to seek injunctive relief, an aggrieved party could file suit at any time after the awarding of the contract, even after the completion thereof. Yet, we realize the reluctance on the part of the courts to enjoin a contract that has been partially completed, much less substantially completed. See Bristol Steel. As noted by Justice Lemmon in his concurring opinion in Bristol, a problem occurs in public construction contract cases because of the lag time which exists between the time suit is filed, *1243 a hearing is held in the trial court, and the ultimate resolution at the appellate level. This time lag can cause a court to ultimately deny injunctive relief because of substantial completion, and yet, under the School Board’s theory, the aggrieved party would be without a remedy.
Additionally, we are convinced that Act 795 of 1979 was enacted partially in response to Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161 (La.1979). Haughton was decided on January 29, 1979, with a rehearing denied on March 5, 1979.
In Haughton, plaintiff was the low bidder on an elevator service contract, but was disqualified by defendant as not responsible. The Supreme Court fashioned certain procedural safeguards before a low bidder can be disqualified as not responsible. Additionally, and in conclusion, the Supreme Court determined that inasmuch as injunctive relief might not be an adequate remedy, plaintiff might amend its petition to claim damages. Act 795 incorporated the procedural safeguards fashioned by the Supreme Court. However, in expressly providing for injunctive relief, the legislature either failed or refused to limit the remedy to injunctive relief, thus allowing damages as an available remedy to aggrieved parties.
Therefore, we conclude the trial court was in error in maintaining the peremptory exception raising the objection of no cause of action.
ASSIGNMENTS OF ERROR NOS. 3 AND 4
Airline argues further that the trial court erred in considering evidence when it noted that the project was substantially complete by the time that plaintiff filed suit. The trial court obtained this fact from the School Board’s reply memorandum. We agree with Airline. La.Code Civ.P. art. 931, Paragraph 3 states: “[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.”
Airline also complains that the trial court erred in concluding the School Board would have to pay twice if it ordered the Board to pay damages to Airline inasmuch as the Board has already paid Picou Construction Company for the work done on the project.
La.Civ.Code art. 2033 provides: “[a]n absolutely null contract ... is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.” The second paragraph of the above code article further provides that “a performance rendered under a contract that is absolutely null because its object or its cause is illicit or immoral may not be recovered by a party who knew or should have known of the defect that makes the contract null.”
In cases similar to the one before us, the courts have usually applied the principles of equity so as to prevent unjust enrichment. In Coleman v. Bossier City, 305 So.2d 444 (La.1974), the Louisiana Supreme Court held that where, although a contract was null and void as being in violation of the public bid law, the developers were entitled to recover actual cost of materials, services, labor, etc., because there was no actual fraud and the parties had acted in good faith. This approach was recognized in Comment (d) to La.Civ.Code art. 2033, enacted in 1984, which the Comments state, did not change the law.
Accordingly, for the above and foregoing reasons, the judgment of the trial court sustaining defendant’s exception raising the objection of no cause of action and dismissing plaintiff’s claim is therefore reversed, and this cause is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal are taxed to defendant, the Ascension Parish School Board in the amount of $283.00.
REVERSED AND REMANDED.
FOIL, J., concurs and assigns reasons.
COVINGTON, J., concurs for the reasons assigned by FOIL, J.

. La.R.S. 38:2220 provides:
A. Any purchase of materials or supplies, or any contract entered into for the construction of *1242 public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general or any interested party possessed a right of action to bring suit for appropriate injunctive relief in the district court to nullify a contract entered into in violation of this Part.
C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation.