860 So.2d 60 (2003)
Nancy Blackwell ATKINSON
v.
Lloyd J. LeBLANC, Jr. and CNA Insurance Company.
No. 03-CA-365.
Court of Appeal of Louisiana, Fifth Circuit.
October 15, 2003.
*61 Jacques F. Bezou, The Bezou Law Firm, Covington, LA, for Appellant.
Nancy J. Marshall, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Appellees.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
JAMES L. CANNELLA, Judge.
Plaintiff, Nancy Blackwell Atkinson (Atkinson), appeals from the trial court judgment rendered in her legal malpractice case, granting the exception of prescription/peremption filed by the Defendants, Lloyd J. LeBlanc, Jr. (LeBlanc) and his insurer, Coregis Insurance Company. For the reasons which follow, we affirm.
This malpractice action arose out of LeBlanc's alleged negligent representation of Atkinson in a defamation suit. In 1986, Atkinson filed a defamation action against her former employer Brown and Root. Her original attorney withdrew. Atkinson asserts that she retained LeBlanc to represent her in 1995. However, no action was taken in the lawsuit for an extended period of time and on motion of Brown and Root, the case was dismissed on grounds of abandonment in March of 2000. LeBlanc notified Atkinson of the problems with her case by telephone in November and then by letter dated December 6, 2000, which provided as follows:
Dear Nancy:
After our conversation on Wednesday, November 29th, I went to the Court House to check the record in your case. Going through the case I noticed that there was no activity in the file since 1996.
The defendant's attorney filed a Motion to Dismiss on the grounds of abandonment. Evidently all of the filings that had been done up to 1996 had been mailed personally to you at 1902 Tulsa, Deer Park, Texas, 77536.
Since you never mentioned this, I assumed you never received anything. I have enclosed a copy for your review. I spoke to Judge St. Pierre who was very negative about re-opening the case, even though you probably were not notified. He said due to the age of the case and the time span between the original filing *62 of 1986 and 1997, that something should have been done during that period of time.
If you receive this letter before we talk, please contact me.
On August 10, 2001, after receiving notice that her suit against Brown and Root had been dismissed, Atkinson filed an Ethical Conduct Complaint with the Louisiana Office of Disciplinary Counsel (LODC). After describing various conversations she had with LeBlanc, Atkinson wrote in the complaint,
Then in November of 2000, he told me that the case had been dismissed in March for abandonment. This I could not believe because he had supposedly been talking to the Judge all these years. I asked him to talk with the judge to see if we could get it back into court because he was not notified and the courts were sending information to me in Texas knowing fully well that I was a resident of the state of Arkansas. He said he would and the attached letter was the outcome.
I did not abandon my case, Mr. LeBlanc is responsible for that. Brown & Root tried for years to get a summary judgment on this case and could not get it done because Judge Marino felt I deserved to have my "day in court". I did not get my day in court and feel that right was taken away from me because of lies and negligence on the part of Mr. LeBlanc and the courts of St. Charles Parish.
On August 26, 2002, LeBlanc sent Atkinson a letter of apology and a check for $10,000. In that letter, LeBlanc stated:
I am writing you now to do what I should have done a long time ago. I am writing to apologize for what happened in your case.
I should have either enrolled as counsel of record on your behalf, and taken steps to bring the case to a conclusion, or I should have told you that I was unable to represent you.
I deeply regret my failure in this regard.
Enclosed is my check in the amount of $10,000.00 which I hope will serve as some compensation for my failures. Accepting this check will not adversely affect any of your rights against me. You have the right to seek the advice of an independent attorney with respect to you claims against me.
I will understand if you do not accept my apology. I only wish I had given it earlier.
Following receipt of the letter and check, Atkinson filed the instant legal malpractice suit on September 27, 2002, asserting damages from LeBlanc's failure to prosecute her claim. In response, on December 16, 2002, LeBlanc filed an exception of no cause of action or, in the alternative, an exception of prescription/peremption. The matter was set for hearing on January 17, 2003. The day before the hearing, on January 16, 2003, Atkinson filed an amended petition alleging fraud. The trial court denied the exception of no cause of action, but granted the exception of prescription/peremption.[1] It is from this judgment that Atkinson appeals.
*63 On appeal Atkinson argues that the trial court erred in granting the exception of prescription/peremption without affording her a full evidentiary hearing on allegations of fraud, which would have established an exception to the peremptive period set out in La. R.S. 9:5605, governing legal malpractice cases.
LeBlanc argues, to the contrary, that Atkinson's scant fraud allegations in a belated supplemental petition should not be considered. The supplemental petition was filed too late, the day before the hearing on the exception, and it was not served on him. Further, Atkinson did not request a continuance. In the alternative, however, LeBlanc points out that the fraud allegations were considered by the trial court before ruling on the exception and found to lack merit. LeBlanc further argues that the legal malpractice at issue was an act of omission, and not fraud, and as such any claims for damages were perempted by La. R.S. 9:5605, as properly held by the trial court.
La. R.S. 9:5605, addressing the filing of legal malpractice actions, provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
*64 The Louisiana Supreme Court, in interpreting La. R.S. 9:5605, found that "[t]he Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt as to its intent." Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9.
La. R.S. 9:5605A expressly provides that all legal malpractice actions must be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered;...." The Legislature put a three-year limit on these actions by further stating that "however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect." La. R.S. 9:5605A; Reeder v. North, supra. Subsection B expressly provides that "[t]he one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted or suspended." La. R.S. 9:5605 B.
The "act, omission, or neglect" complained of in Atkinson's petition is LeBlanc's failure to take some action in her case over a three year period which led to its dismissal as abandoned. This "omission or neglect" took place between 1995 and March of 2000, when the case was ultimately dismissed. LeBlanc notified Atkinson of the abandonment of her case by telephone in November of 2000 followed by a letter dated December 6, 2000. Atkinson filed an ethical complaint against LeBlanc with the Louisiana Disciplinary Board on August 10, 2001. Atkinson did not file her legal malpractice petition against LeBlanc until September 27, 2002, over a year after the ethical complaint.
Based on the foregoing, we find no error in the trial court ruling granting the exception of prescription/peremption. The record shows that Atkinson knew about LeBlanc's omission or neglect at least by August 10, 2001, when she filed a complaint with the Disciplinary Board, if not sooner, by way of LeBlanc's December 6, 2000 letter. Atkinson did not file suit until September 27, 2002, more than one year from the date that the alleged act, omission, or neglect was discovered. Under La. R.S. 9:5605A, the suit, filed more than one year after discovery of the omission, was filed too late.
Atkinson points to LeBlanc's ongoing representation of her as well as the phone calls, messages and letters as grounds for denying the exception. However, we find no merit in this argument.
As found by the Louisiana Supreme Court in Reeder v. North, supra, the peremptive periods set out in La. R.S. 9:5605 are not interrupted or suspended by the "continuous representation" of the client by the attorney. The court stated:
As a suspension principle based on contra non valentem, the "continuous representation rule" cannot apply to peremptive periods. This is clear from the wording of La. R.S. 9:5605 ("[t]he one-year and three-year periods of limitations... are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended") and of Civil Code article 3461 ("[p]eremption may not be renounced, interrupted, or suspended.") (Footnote omitted.)
*65 Atkinson argues that her allegations of fraud bring her within the exception to the peremptive periods as provided in Subsection E of La. R.S. 9:5605. The trial judge found that Atkinson did not established her fraud exception and we find no such proof either.
On the day before the hearing on the exception, January 16, 2001, Atkinson filed an amended petition alleging that she had learned of new facts that "support a cause of action for fraud." She sought to amend her petition with the following allegations:
Defendant, Lloyd J. LeBlanc, Jr. agreed to represent Atkinson, Nancy Blackwell Atkinson, in the matter entitled "Nancy Blackwell v. Brown and Root, Inc. No. 30,997 Division `C', 29th Judicial District Court for the Parish of St. Charles, State of Louisiana", but he took absolutely no action on her behalf, notwithstanding his promises to the contrary. On December 6, 2002, defendant LeBlanc wrote to Atkinson claiming that he has spoken to "Judge St. Pierre who very negative about reopening the case, even though you probably were not notified...", but continued to lead plaintiff to believe that something could be done. It was not until January 8, 2002, that LeBlanc even sent plaintiff's file to her which coincided with the date that LeBlanc was subpoenaed before the Louisiana Bar Disciplinary Board. Moreover, it was not until August 26, 2002 when defendant LeBlanc advised plaintiff to seek other counsel "with respect to your claims against me."
In ruling on the fraud exception, the trial court stated, in its reasons for judgment:
After reviewing all pleadings filed in the record, however, this Court notes nowhere previously did plaintiff allege fraud in its petition for damages. Regardless, even if plaintiff had properly alleged and pled fraud, this Court is not convinced that the evidence shows LeBlanc acted with intent to deceive Atkinson.
We agree with the trial court on this point. The fraud exception referred to in La. R.S. 9:5605 E, references La. C.C. art.1953. In Article 1953, fraud is defined as follows:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
The jurisprudence applying this article in cases of legal malpractice apply it in cases where it was the fraudulent act itself that constituted the malpractice, not as herein alleged, fraud in the actions taken after the legal malpractice has occurred. See: Shreveport Credit Recovery, Inc. v. Modelist, 33,369 (La.App. 2nd Cir.5/15/00), 760 So.2d 681, writ denied, 00-2159 (La.10/27/00), 772 So.2d 125 (where the alleged fraud was in the confection and assignment a promissory note); Ratcliff v. Boydell, 93-0362, 92-0630 (La.App. 4th Cir.4/3/96), 674 So.2d 272, amended as to interest on rehearing, (La.App. 4th Cir.5/31/96) (where the alleged fraud involved the attorney's misrepresentation of the value of a structured settlement to obtain an excessive fee).
The circumstances constituting the alleged fraud must be alleged with particularity. La. C.C.P. art. 856. In the instant case, the particular allegations of fraud in Atkinson's amended petition concern only LeBlanc's actions after the legal malpractice, the neglect to take timely action in Atkinson's case, had occurred. The record shows that LeBlanc frankly told Atkinson that her case had been dismissed as abandoned. The record further shows that Atkinson understood this because she filed *66 a complaint with the LODC regarding LeBlanc's misconduct. Notwithstanding her knowledge, Atkinson did not file the instant suit against LeBlanc for over a year and a half. As found by the trial judge, the record does not support a finding of fraud on the part of LeBlanc. Rather, the allegations in Atkinson's amended petition simply describe a situation of continuous representation which, as stated above, does not interrupt or suspend the peremptive period set out in La. R.S. 9:5605.
Accordingly, for the reasons stated above, we affirm the judgment by the trial court granting the exception of prescription/peremption in favor of LeBlanc and assess costs to Atkinson.
AFFIRMED.
NOTES
[1] The judgment rendered by the trial court provides in pertinent part: "IT IS ORDERED that the Exception of Prescription/Peremption and/or No Cause of Action filed on behalf of Lloyd J. LeBlanc, Jr. and Coregis Insurance is GRANTED as per the attached Reasons for Judgment." However, in the reasons for judgment the exception of no cause of action is denied and only the exception of prescription was granted. Since we affirm the judgment as to the exception of prescription/peremption, any issues concerning the no cause of action exception are rendered moot.