976 So.2d 234 (2008)
Steven BRUMFIELD
v.
Kim K. McELWEE; Howat A. Peters, Jr.; James A. Williams; McElwee, Williams & Peters, L.L.C; George Hesni; and ABC Insurance Company.
No. 2007-CA-0548.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
*236 Don Almerico, St. Rose, LA, for Appellant, Steven Brumfield.
Jack E. Truitt, The Truitt Law Firm, Madisonville, LA, for Appellees, Kim McElwee, et al.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The plaintiff, Steven Brumfield, appeals a trial court judgment dismissing as untimely his legal malpractice action against his former attorneys, who had represented him in a personal injury matter. Finding no error in the trial court's judgment, we affirm.

FACTUAL SUMMARY AND PROCEDURAL HISTORY
In December 1996, Mr. Brumfield slipped and fell during the course of a high school basketball game, while he was a student at an Orleans Parish School. Due to alleged injuries arising out of the incident, *237 Mr. Brumfield retained the law firm of McElwee, Williams & Peters, L.L.C. to represent him in the matter. At the time, the firm was comprised of three attorneys, namely, Kim McElwee, Howat Peters, and James Williams. On December 5, 1997, a personal injury suit was filed on behalf of Mr. Brumfield in Civil District Court for the Parish of Orleans against the Orleans Parish School Board (hereinafter, "School Board") and the Louisiana High School Athletic Association (hereinafter, "LHSAA"). See, Steven Brumfield v. Orleans Parish School Board, the Louisiana High School Athletic Association, ABC Insurance Company, Willie Hampton, John Doe I, John II, John III, No. 97-2198, Div. "I", Civil District Court for the Parish of Orleans, State of Louisiana.[1] The School Board timely filed its answer on February 17, 1998. The case docket indicated no subsequent formal action was taken on the record until late December 2000 or early January 2001, when Jefferson Parish attorney George Hesni, II filed a Motion to Enroll Additional Counsel. On January 8, 2001, the trial court granted the order permitting Mr. Hesni (hereinafter, Mr. Hesni, Mr. Williams, Ms. McElwee and Mr. Peters, and the law firm of McElwee, Williams & Peters, L.L.C. are collectively referred to as the "defendants") to enroll as additional counsel for Mr. Brumfield.
On February 1, 2001, the LHSAA filed an ex parte motion to dismiss Mr. Brumfield's personal injury action based on La. C.C.P. art. 561(A)[2], asserting that his claims were abandoned for failure of any party to take action for a period of three years in the prosecution or defense of the action. On the same day, the trial court issued an order dismissing Mr. Brumfield's claims against the LHSAA.[3] Almost two years later, on January 17, 2003, the School Board filed an ex parte motion to dismiss Mr. Brumfield's claims pending against it, citing abandonment pursuant to La. C.C.P. art. 561(A). Again, the trial court granted the dismissal.[4]
On August 18, 2005, Mr. Brumfield filed the instant legal malpractice action against the defendants urging his personal injury action was dismissed with prejudice *238 for abandonment due to their negligence. The petition alleges the defendants failed to advise Mr. Brumfield of the progress of his claim at any time after having been retained, as well as failed to maintain sufficient contact with him regarding his case. Specifically, Mr. Brumfield asserts he never received notice from the defendants that his claims for damages had been dismissed.
At various times, the individual defendant attorneys filed, among others, exceptions of prescription seeking dismissal of Mr. Brumfield's malpractice action. In each instance, the defendants alleged the suit warranted dismissal since it was not filed within the three-year peremptive period set forth in La. R.S. 9:5605(A). While the various defendants alleged different dates the suit should have been filed, they were unanimous that the suit, which was filed in August 2005, should have been filed no later than 2004.
Following a hearing on the exceptions of prescription, the trial judge took the matter under advisement. On March 30, 2007, she rendered a judgment granting each defendant's exception of prescription, but did not assign reasons for her ruling. Mr. Brumfield instituted a timely suspensive appeal.

LAW AND ARGUMENT

Standard of Review
The discretion allotted a trier of fact is great. In reviewing a peremptory exception of prescription, an appellate court should not disturb the findings of the trial court unless it is clearly wrong. Davis v. Hibernia National Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61. In the absence of manifest error, the trial court should not be reversed, since the issue to be decided by the appellate court is not whether the trial court was right or wrong, but whether the fact finder's conclusion was reasonable. Turnbull v. Thensted, 99-0025, p. 5 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 149. As in the case sub judice, "[i]n the absence of evidence, the objection to prescription must be decided upon the facts alleged in the petition and the allegations thereof are accepted as true." Waldrop v. Hurd, 39,855, p. 5 (La. App. 2 Cir. 6/29/05), 907 So.2d 890; see also, La. C.C.P. art. 931.

Burden of Proof
"Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it." Bailey v. Khoury, 04-0620, 04-0647, 04-0684, p. 9 (La.1/20/05), 891 So.2d 1268, 1275. When addressing an exception of prescription, the burden of proof lies with the party asserting prescription. However, in the event the plaintiff's claim is barred on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Eastin v. Entergy Corp., 03-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.

La. R.S. 9:5605
An action for legal malpractice is governed by La. R.S. 9:5605. It provides, in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper *239 venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred . . . The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

* * *
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
[Emphasis added.]
The clear wording of the statute indicates the Legislature intended the time limitations on legal malpractice actions to be one year from the alleged act, omission, or neglect, or one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered and, in no event, more than at least three years from the date of the alleged act, omission, or neglect. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291,'1295. In other words, the latest one can file a legal malpractice action is three years from the date of the alleged act of malpractice, or one year from the date of discovery of the alleged act of malpractice, whichever comes first.
Mr. Brumfield argues on appeal the trial court misapplied La. R.S. 9:5605. He essentially raises two arguments in support of his claim. First, he contends the defendants engaged in fraudulent conduct stemming from their intentional failure to disclose to him the fact that his suit was dismissed for abandonment. He argues the trial court, therefore, erred in applying the three-year peremptive period set forth in Subsection A of La. R.S. 9:5605, rather than Subsection E of the provision which provides for a one-year prescriptive period from discovery of malpractice in instances involving fraud. Second, in the event this Court concludes La. R.S. 9:5605(E) is inapplicable, Mr. Brumfield argues, in the alternative, that his action was timely filed within the one-year and three-year peremptive periods set forth in La. R.S. 9:5605(A). In support, he asserts there were multiple, separate acts of malpractice triggering different dates for purposes of the tolling of prescription/peremption, and that his suit was timely filed with regard to those acts.

Fraud
In the original petition, Mr. Brumfield made one allegation of fraudulent conduct on the part of the defendants. Specifically, the petition provides:
Plaintiff alleges that the inability to further pursue his actions against the defendants listed in the original petition is a result of the professional negligence, fault, acts, omissions, and legal malpractice herein described as follows: . . . (8) committing acts of fraud by purposely failing to explain to petitioner the true status of his case.

[Emphasis added.]
Mr. Brumfield argues this allegation of fraud brings him within the exception of La. R.S. 9:5605(E). Thus, he contends the *240 trial court erred in granting the exceptions of prescription in favor of the defendants since his suit was filed within one year of his discovery of the fraudulent conduct in May 2005 when his newly retained counsel searched court records regarding the status of his tort action.
The fraud exception referred to in Subsection E of La. R.S. 9:5605 references La. C.C. art. 1953. The latter provision defines "fraud" as ". . . a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." The Louisiana Code of Civil Procedure mandates that circumstances constituting alleged fraud be pled with particularity. La. C.C.P. art. 856.
Applying these principles, we conclude Mr. Brumfield failed to sustain his burden under La. R.S. 9:5605(E) and La. C.C.P. art. 856. He simply alleges, without any specificity or corroborating evidence, the defendants failed to disclose to him the status of his case. The record is absent any evidence that the defendants knowingly and intentionally sought to deceive Mr. Brumfield and cause harm to him in any respect.
Additionally, the jurisprudence supports the conclusion that Mr. Brumfield's reliance on Subsection E of La. R.S. 9:5605 is misplaced. He argues in brief that the defendants' fraudulent conduct primarily stemmed from their failure to disclose the fact that his tort claims had been dismissed. We recognize Mr. Brumfield does not assert that the alleged conduct giving rise to the malpractice action (the defendants' alleged inaction that resulted in the dismissal of his tort claims) involved fraudulent conduct. However, the jurisprudence applying fraud provisions in malpractice actions applied it in cases where the alleged fraudulent act itself comprised the malpractice, unlike the case herein, where the fraud occurred after the legal malpractice took place. See, Smith v. Slattery, 38-693, pp. 8-9 (La.App. 2 Cir. 6/23/04), 877 So.2d 244, 249 ("In cases of legal malpractice, the jurisprudence applying [La. C.C.P. art. 856] . . . does so in cases where it was the fraudulent act itself that constituted the malpractice, and not for fraud in the actions taken after the legal malpractice has occurred."); Atkinson v. LeBlanc, 03-365 (La.App. 5 Cir.10/15/03), 860 So.2d 60 (appellate court would not apply La. R.S. 9:5605(E) where the malpractice did not involve the fraudulent conduct at issue).
Accordingly, we conclude the trial court did not err in finding La. R.S, 9:5605(E) inapplicable.

Continuing Tort Doctrine
In the alternative to his fraud argument, Mr. Brumfield contends his malpractice action was timely filed under La. R.S. 9:5605(A). In support, he asserts the defendants engaged in several alleged instances of misconduct, over the course of several years of representation, with each act giving rise to the commencement of a new time period for the tolling of legal malpractice. As to instances of misconduct, Mr. Brumfield refers to the separate dismissals of the LHSAA and the School Board in the tort litigation, and the respective failure to disclose such to him.
We recognize Mr. Brumfield attempts to escape the strict peremptive application of La. R.S. 9:5605(A) by urging the defendants' alleged cumulative misconduct was the equivalent of a "continuing tort", a jurisprudentially recognized doctrine that provides continuous tortious conduct and continuous damages that may suspend prescription. Scott v. American Tobacco, 04-2095, pp. 17-18 (La.App. 4 *241 Cir. 2/7/07), 949 So.2d 1266, 1279-80; Bustamento v. Tucker, 607 So.2d 532, 537 (La. 1992). However, Subsection B of La. R.S. 9:5605 explicitly provides that the one-year and three-year periods of limitation set forth in Subsection A are peremptive periods, not prescriptive.
Conceptually, there may not be much difference between prescription and peremption since both have the effect of terminating litigation. However, it is undisputed that the two theories differ in their operation. Prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation. La. C.C. art. 3447. Therefore, as an inchoate right, it may be interrupted, suspended, and renounced. Prescription is subject to the suspensive principle of contra non valentem, a judicially created doctrine that is applied to prevent the running of prescription in instances where good cause results in a plaintiff's inability to exercise his cause of action at accrual. Reeder v. North, 701 So.2d at 1298. In stark contrast, public policy dictates that peremption extinguish or destroy a right to legal action after passage of a specified period. La. C.C. art. 3458. As such, nothing may interfere with the running of a peremptive period. Therefore, it may not be interrupted, suspended, or renounced. La. C.C. art. 3461. Unlike prescription, exceptions suspending the running of time delays, such as contra non valentem, are inapplicable. Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 723 (La.1986).
The continuing tort doctrine is a suspension principle based on contra non valentem. Scott v. American Tobacco, 949 So.2d at 1280. To suggest the peremptive periods set forth in La. R.S. 9:5605(A) are subject to the continuing tort doctrine would be in direct contravention of La. C.C. art. 3461. Thus, contrary to Mr. Brumfield's argument, the continuous tort doctrine cannot suspend the peremptive statute of limitations period of La. R.S. 9:5605.[5]

Timeliness of Plaintiff's Action
Having rejected Mr. Brumfield's claims seeking to circumvent the tolling of the peremptive time limitation of La. R.S. 9:5605(A), we turn our attention to ascertaining the date Mr. Brumfield's professional liability suit had to be filed. Mr. Brumfield concedes the earliest misconduct constituting malpractice occurred on February 1, 2001, the date he alleges the trial court erroneously and prematurely dismissed the claims against the LHSAA. He argues the defendants should have contested or sought supervisory relief from the trial court's failure to consider the fact his deposition was taken in August 1999, which he claims interrupted the three-year prescriptive period set forth in La. C.C.P. art. 561(A) relative to abandonment.
As to the claim that the trial court prematurely dismissed the LHSAA from the tort action, Mr. Brumfield is correct that formal discovery is deemed a step in the prosecution or defense of an action for *242 purposes of abandonment. However, the Louisiana Code of Civil Procedure provides the taking of a deposition or other formal discovery does not interrupt the running of prescription unless notice of such is served on all parties. See, La. C.C.P. art. 561(B) ("Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action." [Emphasis added.]). Other than Mr, Brumfield's uncontested assertion that his deposition was taken, the record is absent any information regarding the details of the discovery matter (i.e., notice to the parties; attendees, etc.). Therefore, based on the record before us, it is unclear whether the trial court prematurely dismissed the LHSAA from the tort litigation.
Notwithstanding, in addressing the issue of peremption, we find it irrelevant whether the trial court prematurely concluded the tort action was abandoned. If there was any actionable misconduct warranting the filing of a malpractice action by Mr. Brumfield, it stemmed, in all respects, from the dismissal of the LHSAA from the tort litigation on February 1, 2001. This was the date Mr. Brumfield's claim for damages against LHSAA was lost, regardless of whether it was attributable to the defendants' inaction resulting in the abandonment or failure to seek appellate relief from the alleged premature dismissal of the LHSAA.
If the date of the earliest alleged misconduct giving rise to the malpractice action took place on February 1, 2001, Mr. Brumfield's suit against the defendants had to be filed no later than February 1, 2004, the expiration of the three-year peremptive period set forth in La. R.S. 9:5605(A). However, the malpractice action was not filed until August 18, 2005. Consequently, on the face of the petition, the action is perempted. As such, the burden of proof is on Mr. Brumfield to overcome the allegation of peremption. Since we have already rejected Mr. Brumfield's fraud and continuous tort arguments, he has failed to sustain his burden.
We are cognizant of the fact that Mr. Brumfield alleges he did not have first hand knowledge of the dismissal of his tort case until May 27, 2005, almost sixteen months after his malpractice claim prescribed, when his newly retained counsel reviewed the court record at the Orleans Parish Civil District Clerk of Court's Office. However, the Louisiana Supreme Court in Reeder v. North, supra, emphasized "[t]he Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt as to its intent." Id., 701 So.2d at 1295. The court opined "[t]he Legislature was aware of the pitfalls of [the legal malpractice statute] but decided, within its prerogative, to put a three-year absolute limit on a person's right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all." Id., 701 So.2d at 1297. The court expressly acknowledged the "perceived inequities" of the statute, insofar as a person's claim may be extinguished before he realizes the full extent of his damages. While further noting a three-year peremptive period may not be "particularly generous", the court recognized that it was not its role to consider the policy or the wisdom of the Legislature in adopting the provision, but rather ". . . to determine only the applicability, legality and constitutionality of the [statute]." Id. Applying Reeder to the case sub judice, we find no manifest error in the trial court's ruling that Mr. Brumfield's claim is perempted.
*243 Our conclusion that Mr. Brumfield's action is perempted is strengthened by the fact the record indicates, several years prior to the filing of his malpractice action, Mr. Brumfield had sufficient information that would place a reasonable person on notice that something was wrong with his tort case. Turnbull v. Thensted, 757 So.2d at 150 ("Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice . . . The standard imposed is that of a reasonable man."). As evidence, we rely on Paragraph XIV of the malpractice petition wherein it is alleged that the defendants failed to advise Mr. Brumfield as to the progress of his claim ". . . at any time after having been employed." In support, Mr. Brumfield cites the defendants' failure to maintain sufficient contact with him by not returning telephone calls and canceling appointments.[6] He also makes reference to Mr. Hesni's refusal ". . . to properly prosecute . . . [his] claim by refusing to hire an expert to evaluate the claim, as well as serve as an expert witness." According to the petition, this event occurred, in January 2001, four and one-half years prior to the filing of the malpractice claim.
While it is not the intent of this court to excuse the defendants for the poor manner in which Mr. Brumfield's tort action was handled, we are mindful that there was an eight and one-half year delay between Mr. Brumfield's retention of the defendants on or about December 1997 (with the exception of the retention of Mr. Hesni in 2000) and the filing of the malpractice action in August 2005. Although Mr. Brumfield concedes he was well aware of the blatant deficiencies in the defendants' representation of him from inception, he nevertheless waited years to seek relief, namely, retention of new counsel to investigate the status of his tort action. Consequently, we find no merit in Mr. Brumfield's claim that he did not have adequate notice of any alleged misconduct until after the expiration of the three-year peremptive period.

DECREE
The judgment of the trial court in favor of the defendants dismissing Mr. Brumfield's malpractice action with prejudice is affirmed.
AFFIRMED.
NOTES
[1] While Mr. Williams signed the petition, Ms, McElwee and Mr. Peters were also listed as representing counsel. Within days of the filing of the petition, Ms. McElwee and Mr. Peters withdrew as members from McElwee, Williams & Peters, L.L.C. They did not formally withdraw as counsel in the litigation instituted on behalf of Mr. Brumfield.
[2] La. C.C.P. art. 561(A) provides, in pertinent part: "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding . . ."
[3] The order granting Mr. Hesni's request to enroll as counsel was rendered three weeks prior to the trial court's order dismissing the LHSAA. Nonetheless, the law is clear that a motion to enroll as counsel does not interrupt the running of prescription for purposes of abandonment. See, La. Prac. Civ. Pretrial § 6:179; La. C.C.P. art. 561 Editor's Notes, citing Paternostro v. Falgoust, 03-2214 (La. App. 1 Cir.2004), 897 So.2d 19, 22 ("The jurisprudence clearly establishes that motions to withdraw or enroll as counsel or to substitute counsel are not considered formal steps before the court in the prosecution of the suit. Such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment,").
[4] The order dismissing the School Board indicated the last docket entry in the record was a motion to enroll counsel dated August 7, 2001. The motion to enroll filed by Mr. Hesni was granted on January 8, 2001, seven months earlier than the date indicated on the order dismissing the School Board. Thus, it is unclear from the record whether a motion to enroll was filed in the record other than the one filed by Mr. Hesni.
[5] For argument sake, even if the time limitations at issue were prescriptive in nature, we would nevertheless conclude Mr. Brumfield failed to sustain his burden of proving the existence of a continuous tort since there were no continuous acts of fault or continuous damages. Following the abandonment of the tort suit, there was no further injury to Mr. Brumfield stemming from the defendants' failure to disclose the dismissal of his tort claims. The full extent of the injury had already been sustained by him. Nonetheless, we also point out that, similar to the continuing tort doctrine, "[a]s a suspensive principle based on contra non valentem, the `continuous representation rule' cannot apply to peremptive periods" and, as such, to legal malpractice actions. Reeder v. North, 701 So.2d at 1298.
[6] Notably, the record is absent any evidence that Mr, Brumfield ever sought information from any of the defendants regarding the status of his tort action.