997 So.2d 612 (2008)
The RAMELLI GROUP, L.L.C.
v.
The CITY OF NEW ORLEANS.
No. 2008-CA-0354.
Court of Appeal of Louisiana, Fourth Circuit.
October 22, 2008.
*613 Gladstone N. Jones III, Paul H. Villalobos, Jones Swanson Huddell & Garrison, L.L.C., New Orleans, LA, for the Ramelli Group, L.L.C.
Robert J. Ellis, Jr., Deputy City Attorney, Albert A. Thibodeaux, Chief Deputy City Attorney, Penya Moses-Fields, City Attorney, New Orleans, LA, for City of New Orleans.
Peter J. Butler, Jr., Richard G. Passler, Barrett R. Stephens, Breazeale, Sachse & Wilson, LLP, New Orleans, LA, and Peter *614 J. Butler, Peter J. Butler, L.L.C., Gretna, LA, for SDT Waste & Debris, L.L.C.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge MICHAEL E. KIRBY).
CHARLES R. JONES, Judge.
The appellant, the Ramelli Group, L.L.C. (Ramelli), appeals an adverse judgment by the district court sustaining the Appellee's, SDT Waste and Debris Service, L.L.C.'s (SDT), Peremptory Exception of Prescription, or Alternatively, Motion for Summary Judgment. We Affirm.
Pursuant to the Public Bid Law, the City of New Orleans, (the City) advertised for bids for Proposal No. 3025-00156, a sanitation contract, on or about November 3, 2006. The invitation for bids specifically required that the bidding party's Louisiana Contractor's license number be provided on Exhibit A-3 of the Sanitation Services Bid Form.
On November 17, 2006, both Ramelli and SDT submitted bids for Proposal No. 3025-00156. In compliance with the Louisiana Bid Law, Ramelli included its Louisiana Contractor's License Number (# 43664) on its bid. While SDT did not submit a Louisiana Contractor's License Number on its original bid, it subsequently filed an addendum to its bid which did provide a Louisiana Contractor's License number.
On November 27, 2006, Ramelli hand-delivered a protest letter to the City's Department of Sanitation Director, Veronica T. White, alleging substantive defects and omissions in SDT's bid that were in violation of the Public Bid Law.
Ms. White responded to Ramelli's letter on November 30, 2006, and indicated that the City "does not credit the Ramelli Group claim."
Subsequently, the City accepted SDT's bids and awarded the contract for Proposal No. 3025-00156 to SDT on or about December 18, 2006.
On August 17, 2007, Ramelli filed a Petition for Declaratory Judgment and Writ of Mandamus seeking to compel the City to reject SDT's bid as being non-responsive in failing to comply with the bid requirements and specifications for Proposal No. 3025-00156. The petition also alleged that SDT's bid did not comply with the Louisiana Public Bid Law, La. R.S. 38:2211, et seq., and that the City should award and issue Proposal No. 3025-00156 to Ramelli as the lowest responsive bidder. In the alternative, Ramelli also sought to have the district court declare the current contract between SDT and the City null and void, and direct that Proposal No XXXX-XXXXX be opened to new bids.
About one month later on September 21, 2007, SDT filed a Motion for Leave to File and a Petition of Intervention. After filing a First Amended and Supplemental Petition, SDT filed exceptions of improper cumulation of action and no cause of action. In addition, on December 17, 2007, SDT filed its Exception of Prescription, or Alternatively, Motion for Summary Judgment.
On January 15, 2008, the district court signed a judgment denying SDT's exceptions of improper cumulation of action and no cause of action. Three days later, on January 18, 2008, in open court, the district court granted SDT's Exception of Prescription, or Alternatively, Motion for Summary Judgment, and signed the judgment on January 28, 2008.
Aggrieved by the district court's judgment, which granted SDT's Exception of Prescription, or Alternatively, Motion for Summary Judgment, Ramelli now appeals. In its sole assignment of error, Ramelli *615 asserts that the district court erred in granting SDT's Exception of Prescription, or Alternatively, Motion for Summary Judgment.

DISCUSSION
In Brumfield v. McElwee, XXXX-XXXX (La.App. 4 Cir. 1/16/08), 976 So.2d 234, this court reiterated the standard of review for a peremptory exception of prescription as follows:
In reviewing a peremptory exception of prescription, an appellate court should not disturb the findings of the trial court unless it is clearly wrong. Davis v. Hibernia National Bank, 98-1164 (La. App. 4 Cir. 2/24/99), 732 So.2d 61. In the absence of manifest error, the trial court should not be reversed, since the issue to be decided by the appellate court is not whether the trial court was right or wrong, but whether the fact finder's conclusion was reasonable. Turnbull v. Thensted, 99-0025, p. 5 (La. App. 4 Cir. 3/1/00), 757 So.2d 145, 149.... "[I]n the absence of evidence, the objection to prescription must be decided upon the facts alleged in the petition and the allegations thereof are accepted as true." Waldrop v. Hurd, 39,855, p. 5 (La.App. 2 Cir. 6/29/05), 907 So.2d 890; see also, La. C.C.P. art. 931.
* * *
"Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it." Bailey v. Khoury, 04-0620, 04-0647, 04-0684, p. 9 (La.1/20/05), 891 So.2d 1268, 1275. When addressing an exception of prescription, the burden of proof lies with the party asserting prescription. However, in the event the plaintiffs claim is barred on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Eastin v. Entergy Corp., 03-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.
Id., XXXX-XXXX, p. 3-4, 976 So.2d at 238.
Ramelli asserts that the district court erred.
Louisiana Revised Statute 38:2220, titled, Purchase or contract contrary to provisions of this Part void, provides:
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part. (emphasis ours)
C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation.
Hence, as specifically stated in La. R.S. 38:2220, to challenge the award of a state contract to a competing bidder, the aggrieved bidder must seek to nullify the state-awarded contract via ordinary proceeding. Ramelli asserts that it filed an ordinary proceeding to accomplish the objective *616 of having the contract award nullified.
Ramelli argues that SDT's exception of prescription was improper since there is no prescriptive period provided for in La. R.S. 38:2220. Additionally, Ramelli asserts that SDT's exception of prescription was inappropriate to challenge their petition. Ramelli also asserts that in its First Amended and Supplemental Petition for Declaratory Judgment and Writ of Mandamus, it set forth issues regarding the nature of the Proposal and the impossibility of it filing a timely petition for injunctive relief.
However, Ramelli also contends that it is not seeking damages or injunctive relief; rather, it merely seeks to have the contract that was awarded to SDT declared null and have the bidding process reopened to accept new bids. In its petition, Ramelli sets forth its reasons for not immediately filing suit, once it was aggrieved, as follows:
Furthermore, in light of the times of year requiring heightened collections and additional services as reflected in the Invitation to Bid itself, including Christmas, New Year, Sugar Bowl, and Mardi Gras, it is even more evident that injunctive relief halting the collection of trash could not be sought.
Additionally, Ramelli maintains that its suit has not prescribed because the legislature has not established an explicit prescriptive period for actions brought under La. R.S. 38:2220.
In opposition, SDT asserts that there is case law to support the district court's judgment granting its exception of prescription. SDT contends that the Supreme Court in Airline Construction Company v. Ascension Parish School Board, 568 So.2d 1029 (La.1990), is directly on point for its position relating to the timeliness and nature of the suit brought by Ramelli.
In Airline, the second lowest bidder on a public works contract for the construction of a school filed suit against the Ascension Parish School Board claiming that school board's award of the construction contract to the lowest bidder violated public contracts law. The school board, in response, filed a peremptory exception of no cause of action which was sustained by the district court. The First Circuit Court reversed and remanded the case, 549 So.2d 1240 (La.App. 1 Cir.1990), and the school board petitioned for writ of certiorari. The Supreme Court reversed and remanded, holding that: (1) the unsuccessful bidder's petition, which failed to state either that suit for injunction was timely filed or that circumstances existed which made filing of timely suit for injunction impossible, failed to state a cause of action for damages, Id., 568 So.2d at 1035.
As related to the timeliness of the action, the Supreme Court noted:
In the present case the Board's exception of no cause of action asserts that an unsuccessful bidder does not have a cause of action under any circumstances to recover damages against a public body which awards a public contract in violation of the public bid law. We do not reach this broad issue, but rather decide this case on the narrower holding that an unsuccessful bidder on a public contract who fails to resort to the relief granted by statute by attempting to enjoin timely the execution or the performance of the contract, when the facts necessary for injunctive relief are known or readily ascertainable by the bidder, is precluded from recovering damages against the public body. (emphasis ours)

*617 * * *
Id., 568 So.2d at 1033. The Supreme Court further noted:
We hold that an unsuccessful bidder on a public contract who wishes to obtain relief because of the rejection of its bid must seek injunctive relief at a time when the grounds for attacking the wrongful award of the contract were known or knowable to the bidder and when corrective action as a practical matter can be taken by the public body. Cf. Gray v. State of Louisiana through the Department of Highways, 250 La. 1045, 202 So.2d 24 (1967).... If an aggrieved bidder does not timely file a suit for injunction, he has waived any right he may have to claim damages against the public body or the successful bidder.
The timeliness of a suit for injunction depends on the facts and circumstances of the particular case, including, among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time that the public body became indebted to the successful bidder, and the time period between the awarding of the illegal contract and the completion of construction. (emphasis ours)
Id., 568 So.2d at 1035.
SDT asserts that while La. R.S. 38:2220 allows for a timely objection to an allegedly tainted public bidding procedure, it also points out that Ramelli waited approximately nine (9) months from the opening of the bid, and an additional eight (8) months from the City's awarding of the contract before it filed suit. There was no attempt by Ramelli to file a petition for injunction, but SDT points out that while Ramelli did eventually file suit, the action was brought as an ordinary proceeding and the relief sought can best be classified as a mandatory injunction directed toward a public body.
In response to SDT's argument, Ramelli contends that Airline and its progeny, are not applicable to the instant matter because they all concern exceptions of no cause of action and did not deal with exceptions of prescription. Ramelli asserts that their suit for mandamus and declaratory judgment does not seek "damages," but rather seeks "nullification," and because of this distinction, the Airline case does not apply.
However, SDT urges that in the Airline case, the Supreme Court "examined the pleadings which (as in the instant case) revealed a substantial delay between the opening of the public bid and the [aggrieved bidder's] filing for injunctive relief." SDT also points out that in Airline, the Supreme Court acknowledged that an unsuccessful bidder "does not have a cause of action to challenge timely the rejection of his bid and to compel the award of a contract to him." Id., 568 So.2d at 1033.
This Court notes that in Airline, the Supreme Court identified the issue presented as:
[W]hether an unsuccessful bidder on a public contract has a cause of action for damages against the public body which awarded the contract, when the unsuccessful bidder failed to seek an injunction against the public body's execution of the contract with the successful bidder or to take any steps to challenge the contract before filing suit to recover damages based on the public body's violation of the public bid laws.
Id., 568 So.2d at 1030-31. Although Ramelli denies that it filed suit in order to seek damages or injunctive relief, we disagree and find that the issue presented in *618 the instant matter concerns the timeliness issue raised in the Airline case.
Our examination of the petition for damages filed by Ramelli on August 18, 2007, sets forth: (1) that the call for bids was made public on November 3, 2006; and (2) that the "Required Bid Package Contents" required the bidder's written statement, supporting documentation evidencing and confirming the contractor's licensing, and permits and authority to render the specified services; (3) that both Ramelli and SDT filed bids on the same day (November 17, 2006); (4) that Ramelli noticed a discrepancy on SDT's bid form, specifically the failure of SDT to provide a Louisiana contractor's number, and finally (5) Ramelli prayed that SDT's bid be deemed unqualified because of the substantive defects and that SDT's bid be declared non-responsive.
Our review of this matter clearly establishes that although Ramelli had serious concerns regarding an "irregularity," as evidenced by its November 27, 2006, "protest letter" to the City, it is evident that Ramelli had sufficient notice and substantiation to proceed with a timely petition for injunctive relief, had it chosen to do so, once the City replied to its correspondence and rejected Ramelli's claim on November 30, 2006. Furthermore, no action was taken within the weeks prior to the City's award of the contract to SDT on December 18, 2006. Instead, Ramelli did not seek any relief until it filed suit via ordinary proceeding, some eight months later.
The Supreme Court addressed the limitation of actions in Fishbein v. State ex rel. Louisiana State University Health Sciences Center, 2004-2482 (La.4/12/05), 898 So.2d 1260, 197 Ed. Law Rep. 969, wherein the court determined that "[t]he prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings." Id., 2004-2482 p, 6, 898 So.2d at 1265, citing Starns v. Emmons, 538 So.2d 275, 277 (La.1989). Additionally, "the nature of the basic underlying action determines the appropriate prescriptive period." Id., p. 6-7, 898 So.2d at 1265, citing Giroir v. Dumesnil, 248 La. 1037, 1058, 184 So.2d 1, 8 (1966). See also Montiville v. City of Westwego, 592 So.2d 390 (La.1992).
Considering that prescriptive periods for delictual actions have been established by the legislature as either one year or three years, there is no indication in La. R.S. 38:2220 as to what the time limitation the legislature intended for aggrieved bidders to bring actions to enjoin a public entity from awarding contracts in the event of an alleged violation of the Public Bid Law.
However, it can be gleaned from jurisprudence and in the language contained in La. R.S. 38:2220, that timely injunctive relief must be sought in order for an aggrieved bidder to assert its rights. "La. R.S. 38:2220 B permits an ordinary proceeding (for damages) to be brought, but only when an injunction is impossible for good cause stated by the plaintiff. Otherwise any claim for damage that the unsuccessful bidder might have will be considered waived." (emphasis in original) D & O Contractors v. St. Charles Parish, 2000-882 (La.App. 5 Cir. 2/28/01), 778 So.2d 1285, 1291, citing MBA Medical, Inc. v. Jefferson Parish Hospital Service, 07-997, p. 7 (La.App. 5 Cir. 1/27/98), 707 So.2d 467, 470. Furthermore, D & O Contractors also provides:
[J]ust as the public entity is bound by established regulations, so is the unsuccessful bidder bound to comply with all procedures regulating the availability of "post deprivation" remedies. And these procedures predicate the availability of damages for the lost contract on the unsuccessful bidder's having timely *619 sought to prevent the public body from awarding the contract to a rival bidder.
Id., 778 So.2d at 1290.
Finally, the determination of prescription is a question of fact to be reviewed by the manifest error, clearly wrong standard.
If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. at 882-83. (emphasis ours)
Carter v. Haygood, XXXX-XXXX, p. 9 (La. 1/19/05), 892 So.2d 1261, 1267.
In the instant matter, we find that the district court did not err in sustaining SDT's exception of prescription. Ramelli failed to avail itself of injunctive relief in a timely manner, and we find that Ramelli's "Petition for Declaratory Judgment and Writ of Mandamus" seeks mandatory injunctive relief. La. R.S. 38:2220 is clear that injunctive relief must be timely sought. The reasons elicited by Ramelli for its delay in pursuing remedial options that it had to prevent the City from awarding the contract to SDT, did not illustrate an impossibility to seek timely injunctive relief, as is required under La. R.S. 38:2220.
We find that once the City notified Ramelli that it did not give merit to its claim, Ramelli had the legal obligation to seek injunctive relief to prevent the City from moving forward with awarding the contract. However, due to Ramelli's substantial delay in filing suit, injunctive relief was no longer an option. The use of the ordinary proceeding to obtain a mandatory injunction is an inappropriate remedy considering that the contract was awarded eight months prior to Ramelli's filing of the suit to challenge the award of the contract to SDT.
Considering our review of the instant matter, we find that the district court was not unreasonable in sustaining SDT's exception of prescription. "In the absence of manifest error, the trial court should not be reversed, since the issue to be decided by the appellate court is not whether the trial court was right or wrong, but whether the fact finder's conclusion was reasonable." Brumfield, XXXX-XXXX, p. 3, 976 So.2d at 238, citing Turnbull v. Thensted, 99-0025, p. 5 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 149. Ramelli's assignment of error has no merit.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.