CHARLES R. JONES, Judge.
 

 hThe Appellant, Adolph Charles Suhren, III, seeks review of the district court judgment granting summary judgment in favor of Appellees Cheryl Gibert, Eugene Gi-bert, III, and Joel Suhren Gibert, and finding that the claims of Mr. Suhren were perempted. Under our
 
 de novo
 
 review, we reverse, finding that the claims of Mr. Suhren are not perempted. Furthermore, we remand this matter to the district court to determine whether any of the claims of Mr. Suhren are not prescribed.
 

 This case involves an inter-family dispute between Mr. Suhren and his relatives regarding the administration of a family owned and run business, Nerhus Properties, Inc. (“Nerhus”). Mr. Suhren owns a portion of the shares of stock in Nerhus. His half-sister Sarah Suhren Hamblin, and his two first cousins Cheryl Gibert and Eugene J. Gibert, III, (“Mr. Gibert”), also each own shares of stock in Nerhus.
 
 [1]
 
 Since 1987 to the present, Ms. Hamblin, Ms. Cheryl Gibert, Mr. Gibert, and Mr. Gibert’s mother, Joel Suhren Gibert (who is also Mr. Suhreris aunt), have comprised the Board of Directors of Nei'hus. Mr. Suhren has a strained relationship with the above referenced members of the Board of Directors, and became suspicious of their management of Nerhus by the late 1990s.
 

 |2In November 2004, Mr. Suhren sued Cheryl Gibert, Mr. Gibert, and Joel Suh-ren Gibert — in their capacities as directors of Nerhus — for allegedly breaching their fiduciary duties as administrators over Nerhus. Mr. Suhren also sued Nerhus . itself. All four defendants will be referred to as the “Appellees” herein. Mr. Suhren specifically alleges the following: that the Appellees purposely tried to dilute the value of his share of stock; that they paid themselves for jobs they were not performing; that they collaborated to force him out of Nerhus; and that they diverted a corporate opportunity in Colorado from Nerhus. Mr. Suhren further alleged that the Appellees breached duties of care and loyalty, and sought a ruling to set aside the issuance of unauthorized shares of stock by the Appellees. Mr. Suhren maintains that the alleged wrongdoing by the Appellees continues to the present.
 

 
 *943
 
 Mr. Suhren amended his petition for damages twice. Initially, he amended his petition for damages to include additional claims against Mr. Gibert, alleging that Mr. Gibert usurped business opportunities which belonged to Nerhus. Furthermore, Mr. Suhren sought a declaratory judgment arguing that the Appellees’ efforts to allegedly “ratify” their alleged prior illegal stock issuances were null and void. In his second amended petition, Mr. Suhren added additional facts and alleged usurpation of an investment opportunity in Colorado by the Giberts, and added Ms. Hamblin as a defendant.
 

 The Appellees filed a joint motion for a peremptory exception of prescription, and Nerhus filed a separate exception of prescription, peremption, no cause of action, and no right of action, which the district court deferred consideration of until trial on the merits.
 

 | ¡Additionally, in response to being sued in the second amended petition, Ms. Ham-blin filed an exception of prescription, which was granted on July 20, 2008. The claims against Ms. Hamblin were dismissed with prejudice. Subsequently, Mr. Suhren filed a Motion for New Trial. Additionally, Mr. Gibert individually and the Appellees filed a motion for summary judgment, raising an exception of peremption against Mr. Suhren in September of 2008. The district court heard both the motion for summary judgment and the motion for new trial on the same date in March 2009.
 

 The district court rendered judgment granting the Appellees’ Motion for Summary Judgment, finding,
 
 sua sponte,
 
 that Mr. Suhren’s claims were perempted under La. R.S. 12:1502. The motion for summary judgment of Mr. Gibert was granted as well. Furthermore, the court denied Mr. Suhren’s Motion for New Trial as moot. The district court dismissed all of the claims of Mr. Suhren with prejudice, and ordered the parties to bear their own costs. A signed judgment was rendered by the court in April 2009.
 

 Thereafter, the Appellees filed a “Motion to Tax Costs and Expenses Based on Offer of Judgment Ordering Each Party to Bear Its Own Costs”, which the district court treated as a motion for new trial. The district court denied the motion.
 

 Mr. Suhren timely filed the instant appeal and seeks review of the April 2009 judgment. Additionally, the Appellees have filed a cross-appeal seeking a reversal of the determination of the district court that they were to pay their own costs, and requesting that this court award them damages for the costs of the instant appeal.
 

 |4Mr. Suhren raises five issues on appeal:
 

 1. Is the limitation period contained within La. R.S. 12:1502 a hybrid li-berative prescriptive period, as was determined by the First Circuit in
 
 Wooley v. Lucksinger,
 
 2006-1140 (LaApp. 1 Cir. 12/30/08); 14 So.3d 311, writ granted, 2009-0571 (La.12/18/09); 23 So.3d 953, or is that limitation period peremptive in nature?
 

 2. If this Court disagrees with the First Circuit’s finding that La. R.S. 12:1502 is not peremptive, are claims against the Appellees which arose within three years of the filing of the Petition, and those which arose after the filing of suit, still viable?
 

 3. Do genuine issues of material fact exist with respect to Mr. Suhren’s claims that the Appellees have engaged in a scheme whereby they have taken excessive salaries and personal benefits to drain Nerhus of all its profits, while also engaging in
 
 *944
 
 sham stock offerings designed solely to dilute his interest in the corporation and usurping business opportunities that rightfully belonged to Nerhus?
 

 4. Under Louisiana law, is the intentional breach of a fiduciary duty a tort?
 

 5. Should the district court have allowed him the opportunity to amend his suit under La. C.C.P. art. 934 after granting an exception of prescription, where the grounds for granting the exception can be cured by amendment?
 

 Appellate courts review of a summary judgment is
 
 de novo. Dominio v. Folger Coffee Co.,
 
 2005-0357 (La.App. 4 Cir. 2/15/06), 926 So.2d 16. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). However, if the mov-ant will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the |sadverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 
 Id.
 

 Albeit that Mr. Suhren raises five issues on appeal, we find that addressing the first assignment of error is dispositive of the entire appeal. The outcome of this case depends upon whether we determine that La. R.S. 12:1502 sets forth a peremp-tive time limitation or a prescriptive one. La. R.S. 12:1502, entitled
 
 Actions against persons who control business organizations,
 
 states in pertinent part:
 

 A. The provisions of this Section shall apply to all business organizations formed under the laws of this state and shall be applicable to actions against any officer, director, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated.
 

 B. The term “business organization” includes any entity formed under the laws of this state engaged in any trade, occupation, profession, or other commercial activity including but not limited to professions licensed by a state or other governmental agency. This Section shall apply without limitation to corporations, incorporated or unincorporated associations, partnerships, limited liability partnerships, partnerships in commen-dam, limited liability companies, or cooperative associations or other entities formed under the laws of this state.
 

 C. No action for damages against any person described in Subsection A of this Section for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence, but excluding any action covered by the provisions of Subsection D of this Section, shall be |r,brought unless it is filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three
 
 *945
 
 years from the date of the alleged act, omission, or neglect.
 

 D. No action for damages against any person listed in Subsection A of this Section for intentional tortious misconduct, or for an intentional breach of a duty of loyalty, or for an intentional unlawful distribution, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act or omission.
 

 E. The time limitations provided in this Section shall not be subject to suspension on any grounds or interruption except by timely suit filed in a court of competent jurisdiction and proper venue.
 

 This statute recognizes two separate time limitations to file suit against business organizations, and “officers, directors, shareholders, members, managers, general partners, limited partners, managing partners, or other persons similarly situated” for non-intentional and intentional tortious actions.
 

 Non-intentional actions [i.e. actions for unlawful distributions, return of unlawful distributions, or breaches of fiduciary duty (including without limitation actions for gross negligence) ] must be brought within
 
 one
 
 year from the date of the alleged act, omission or neglect, or within one year of the time it was or should 17have been discovered, but in all events such actions must be brought within three years of the act, omission, or neglect. However, if the alleged conduct involves intentional tor-tious misconduct, intentional breach of a duty of loyalty, an intentional unlawful distribution, acts or omissions in bad faith, fraud or a knowing and intentional violation of law, then any action must be brought within
 
 two
 
 years of the act or omission, or two years from the time it was or should have been discovered, but in all events within three years of the act or omission. La. R.S. 12:1502 states that said time limitations are not subject to suspension or interruption except by timely suit in a court of competent jurisdiction and proper venue. Thus, the time limitation contained within the statute appears to be peremptive.
 

 Mr. Suhren’s principal argument is that his claims against the Appellees are not perempted. He relies on a First Circuit case entitled
 
 Wooley v. Lucksinger,
 
 2006-1140 (LaApp. 1 Cir. 12/30/08), 14 So.3d 311, wherein the First Circuit held that La. R.S. 12:1502 is a hybrid liberative prescription and peremption statute in that it provides a liberative prescriptive period that is subject to the qualifications that the prescriptive period is not subject to interruption or suspension. See
 
 Borel v. Young,
 
 2007-0419, pp. 28-29 (La.ll/27/07)(on reh’g), 989 So.2d 42, 69.
 

 The Appellees argue that the analysis of the First Circuit is patently flawed because the appellate court illogically abandoned its acknowledgment that the periods of La. R.S. 12:1502 cannot be suspended. The Appellees further argue that this Court should be particularly concerned about applying the analysis of
 
 Wooley \
 
 Rin the instant case because there are three writs of certiorari pending before the Louisiana Supreme Court in
 
 Wooley.
 

 [2]
 

 
 *946
 
 We agree with both the First Circuit in
 
 Wooley,
 
 and the Appellees in part. Liber-ative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Peremption is a period of time fixed by law for the existence of a right, and, unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Liberative prescription can be renounced, interrupted, and suspended. La. C.C. arts. 3449-3451, 3462-3472. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461.
 

 In its analysis of La. R.S. 12:1502, the First Circuit in
 
 Wooley
 
 reasoned that if the Legislature wanted the imposed time limit to be peremptive, the Legislature would have included wording to that effect within the statute. Additionally, the First Circuit reviewed the intent of the legislature in enacting the statute. Our brethren explained that the legislative history of the statute revealed that when enacted the title of La. R.S. 12:1502 was “PRESCRIPTIVE PERIODS APPLICABLE TO BUSINESS ORGANIZATIONS.”
 
 Wooley v. Lucksinger,
 
 2006-1140, p. 217 (La.App. 1 Cir. 12/30/08), 14 So.3d 311, 461. That court found that this title was indicative of the object of the legislature to enact the statute, /¿.(citing LA. CONST, art. Ill, § 15(A)). And that court also observed that in another statute, La. R.S. 49:112, similar language regarding time limitations had been examined previously by their court in
 
 Conerly v. State of Louisiana Through 9the Louisiana State Penitentiary & the Department of Corrections,
 
 2002-1852 (La.App. 1 Cir. 6/27/03), 858 So.2d 636. The
 
 Wooley
 
 court explained:
 

 La. R.S. 12:1502 E provides that “The time limitations provided in this Section shall not be subject to suspension on any grounds or interruption except by timely suit filed in a court of competent jurisdiction and proper venue.” Language similar to this was interpreted by this Court in
 
 Conerly,
 
 2002-1852 at p. 8, 858 So.2d at 644:
 

 The period of limitation contained in LSA-R.S. 49:112 clearly has some aspects of a peremptive period. Most notably, as the State points out in its brief to this court, the statute provides that there will be no interruption or suspension of the time period. The Louisiana Supreme Court has recognized this * *219 as a characteristic of peremption.
 
 Flowers v. Rausch,
 
 364 So.2d 928, 931 (La.1978). However, the Legislature is free to enact statutes containing prescriptive periods and to dispense with exceptions to those prescriptive periods.
 
 See Hebert [v. Doctors Memorial Hosp.],
 
 486 So.2d [717] at 724 [La. 1986]. Moreover, had the Legislature meant for the time period to be per-emptive, it could have expressed its intent in the title or text of the act enacting LSA-R.S. 49:112 or in the language of LSA-R.S. 49:112 itself. Basically, LSA-R.S. 49:112 creates a hybrid time period as concerns actions against the State. Despite having some characteristics in common with peremptive time periods, we find that the time period set forth in LSA-R.S. 49:112 is, as the legislature described it, a prescriptive period, with the qualifications that the prescriptive period is not subject to interruption or suspension. (Emphasis added; footnote deleted).
 

 2006-1140, pp. 218-19, 14 So.3d at 462.
 

 We agree with the reasoning of the First Circuit as to the hybrid prescriptive
 
 *947
 
 and peremptive nature of La. R.S. 12:1502. This statute is a prescriptive statute 1inthat is subject to time limitations that have peremptive attributes. Nevertheless, the time limitations contained within this statute do not allow for plaintiffs, such as Mr. Suhren, to levy claims under the continuous tort doctrine.
 

 Albeit that the statute at issue is not a strictly peremptive statute, the per-emptive elements of the subject liberative prescription statute still do not permit the application of a continuing tort theory. A continuing tort is a “jurisprudentially recognized doctrine that provides continuous tortious conduct and continuous damages that may suspend prescription.”
 
 Brumfield v. McElwee,
 
 2007-0548, p. 8 (La.App. 4 Cir. 1/16/08), 976 So.2d 234, 240-41 (citing
 
 Scott v. American Tobacco,
 
 04-2095, pp. 17-18 (La.App. 4 Cir. 2/7/07), 949 So.2d 1266, 1279-80;
 
 Bustamento v. Tucker,
 
 607 So.2d 532, 537 (La.1992)). The application of this doctrine stands in direct opposition, however, to the specific wording of this statute, which provides in La. R.S. 12:1502(E) that actions brought under La. R.S. 12:1502 are not subject to suspension or interruption, unless a suit is timely filed. The continuing tort doctrine is a suspension principle based on
 
 contra non valentem. Brumfield,
 
 2007-0548, p. 9, 976 So.2d at 241
 
 (citing Scott v. American Tobacco,
 
 949 So.2d at 1280). The continuing tort doctrine is not applicable to statutory claims that bar
 
 suspension
 
 of the prescriptive period as that would only serve to subvert the ban in the first place. Thus, the continuing tort doctrine is not applicable to this case.
 

 Additionally, we find that La. R.S. 12:96, entitled
 
 Actions against directors and officers,
 
 is also applicable to the case
 
 sub judice
 
 because it also establishes prescriptive periods for suing directors and officers. Regarding claims for breach of duty against directors and officers, this statute mandates that plaintiffs must file suit within one year from
 
 either
 
 the date of the alleged act, omission, or neglect; |nor, from the date that the alleged act, omission, or neglect is discovered or should have been discovered. For claims involving intentional tortious misconduct, intentional breach of a director’s or officer’s duty of loyalty, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, plaintiffs must file suit within two years from the date of the alleged act or omission;
 
 or,
 
 within two years from the date the alleged act or omission is discovered or should have been discovered. La. R.S. 12:96, states in pertinent part:
 

 A. No action for damages against any director or officer for breach of his duty as a director or officer, including without limitation an action for gross negligence, but excluding any action covered by the provisions of Subsection B of this Section, shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.
 

 B. No action for damages against any director or officer for intentional tor-tious misconduct, or for an intentional breach of the director’s or officer’s duty of loyalty, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered.
 

 
 *948
 
 Thus, the claims of Mr. Suhren against the Appellees under La. R.S. 12:1502 are subject to similar prescriptive periods under La. R.S. 12:96.
 

 Lastly, recognizing that La. R.S. 12:1502 is a prescriptive statute with peremptive time limitations, Mr. Suhren would be entitled to pursue claims against the Appellees for claims that have not prescribed. It appears from the record that by the late 1990s, Mr. Suhren was concerned about some of the transactions of the 11?Board of Directors. The record shows that between 1998 and the end of 1999, Mr. Suhren corresponded and met with Mr. Gibert regarding certain business ventures and offerings to purchase additional stock. The two men as well as the first wife of Mr. Suhren, who was a CPA, also had a meeting in 1999, where it appears that a business venture in Colorado was discussed. Furthermore, within that same time frame, Mr. Suhren also met with a bookkeeper for Nerhus, and at several other occasions had access to Nerhus financial records for either his review or that of his counsel. He did not pursue any claims against the Appellees at that time nor immediately thereafter. Nevertheless, in his petition for damages, Mr. Suhren maintains that the alleged wrongdoing by the Appellees continues to the present.
 

 Considering that under these facts it is very possible for some of the claims of Mr. Suhren have prescribed, we remand this matter to the district court to distinguish which claims of Mr. Suhren are not prescribed pursuant to La. R.S. 12:1502, and thus, are still viable for him to pursue. Furthermore, we note that, on remand, Mr. Suhren is entitled to amend his petition under La. C.C. P. art. 934, should the district court determine that prescription can be cured by an amendment.
 
 [3]
 

 11¾Answer to Appeal
 

 Lastly, Eugene J. Gibert filed an answer to the appeal of Mr. Suhren. In his answer, Mr. Gibert requests that:
 

 (1) the Judgment appealed from be modified to provide that all costs are assessed against Mr. Suhren, and
 

 (2) that Mr. Suhren be condemned to pay the costs and expenses of this appeal.
 

 “The trial court has great discretion in assigning costs and an award will not be reversed unless there is an abuse of discretion.”
 
 Buffman Inc. v. Lafayette Co.,
 
 2009-0870, p. 38 (La.App. 4 Cir. 4/14/10), 36 So.3d 1004, 1030
 
 (citing Sanderford v. Lombard,
 
 96-1171(La.App. 4 Cir.1996), 685 So.2d 1162, 1168;
 
 D’Angelo v. New Orleans Public Service, Inc.,
 
 405 So.2d 1262, 1271(La.App. 4 Cir.1981)). The district did not abuse its discretion in declining to assess costs against Mr. Suhren. Furthermore, we decline to assess the costs of the instant appeal to Mr. Suhren.
 

 DECREE
 

 For the foregoing reasons, the judgment of the district court, granting summary judgment against Adolf Charles Suhren, III, and therein finding that his claims were preempted, is hereby reversed. We remand to the district court for further proceedings, consistent with our decree herein.
 

 
 *949
 
 REVERSED AND REMANDED; CROSS APPEAL DISMISSED.
 

 [1]
 

 . Mr. Suhren alleges that he, Ms. Hamblin, Ms. Cheryl Gibert and Mr. Eugene Gibert each own a quarter of the shares of stock in Nerhus.
 

 [2]
 

 . The three pending writ applications before the Supreme Court are:
 
 Wooley v. Lucksinger,
 
 
 *946
 
 2009-0585 (La.12/18/09), 23 So.3d 951;
 
 Wooley v. Lucksinger,
 
 2009-0584 (La.12/18/09), 23 So.3d 952, and
 
 Wooley v. Lucksinger,
 
 2009-0571 (La.12/18/09), 23 So.3d 953.
 

 [3]
 

 . La. C.C. P. art. 934, entitled
 
 Effect of sustaining peremptory exception,
 
 provides:
 

 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.