TERRI F. LOVE, Judge.
I,The plaintiffs filed a petition alleging that the defendants intentionally breached a fiduciary duty to the plaintiffs by utilizing a new limited liability company to lease and open a grocery store without the plaintiffs’ involvement. The defendants filed a peremptory exception of peremption asserting that the plaintiffs’ petition was filed more than three years after the alleged intentional breach of fiduciary duty. The trial court concluded that the alleged intentional breach of fiduciary duty occurred on the date the new limited liability company was formed and held that the plaintiffs’ claims were perempted. We find that the trial court legally erred in finding that the plaintiffs’ claims were per-empted because La. R.S. 12:1502 is not a peremptive statute. Therefore, we reverse and remand for further proceedings consistent with this opinion.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

MarketFare, L.L.C. (“MarketFare”), was formed prior to Hurricane Katrina for the operation of a chain of grocery stores. André J. Robert, Randall G. Mourot, and J. Storey Charbonnet (collectively referred to as the “Plaintiffs”)[1] allege that they own 32.2% of the membership interest in MarketFare. Marc and Darlene |2Robert (“Roberts”) were also members of Market-Fare. However, the Plaintiffs aver that the Roberts intentionally breached their fiduciary duty by utilizing Claiborne Fresh Market, L.L.C. (“CFM”), formed on September 13, 2006, to lease and operate a grocery store without the inclusion of Mar-ketFare and/or the Plaintiffs in the business dealings.
The Plaintiffs filed a verified petition against Robert Management Company, L.L.C. (“RMC”), CFM, Harrison Fresh Market, L.L.C. (“HFM”), the Roberts, and MarketFare[2] (collectively, the “De *398 fendants”)[3] asserting that leasing and operating a grocery store without giving MarketFare an opportunity to partake demonstrated an intentional violation of a fiduciary duty. The Defendants filed a peremptory exception of peremption and/or prescription stating that the alleged usurpation occurred on September 13, 2006, the date of the formation of CFM. The Plaintiffs’ petition was not filed until April 23, 2010, which was over three years after the formation of CFM. The Defendants claimed that the Plaintiffs’ claims were perempted pursuant to La. R.S. 12:1502.
Following a hearing on the motions, the trial court granted the Defendants’ exception of peremption, denied their exception of no cause of action,[4] and denied the Plaintiffs’ motion to disqualify counsel. The trial court found that the operative date for calculating peremption was September 13, 2006, the date of CFM’s formation. Therefore, the trial court held that the Plaintiffs’ petition was filed more than three years after the formation of CFM and was perempted pursuant to La. R.S. 12:1502.
The Plaintiffs filed a notice of intent to apply for supervisory writs with this | sCourt to address the denial of their motion to disqualify and the peremption issue.[5] However, prior to filing an application for supervisory review, the Plaintiffs filed a motion to designate the judgment granting the peremptory exception as final, which the trial court granted. The Plaintiffs’ devolutive appeal followed.
The Plaintiffs aver that the trial court erred as a matter of law in holding that their claims were perempted and that the trial court erred “in relying solely on the date of the formation of Claiborne LLC in determining when peremption/prescription commenced” because “the injurious act giving rise to the cause of action for breach of fiduciary duty occurred months after the formation of the paper LLC and within three years of filing suit.”

STANDARD OF REVIEW

Peremption is an objection that “may be raised through a peremptory exception.” La. C.C.P. art. 927. This exception involves the interpretation of a statute, which is a legal question. Legal questions are reviewed utilizing the de novo standard of review. Cleco Evangeline, LLC v. Louisiana Tax Comm’n, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353. However, we review any factual conclusions made by the trial court with the manifestly erroneous or clearly wrong standard of review. Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co., 10-0626, p. 2 (La.App. 4 Cir. 10/20/10), 51 So.3d 129, 132.

PEREMPTION

The Plaintiffs allege that their claims are not perempted because La. R.S. 12:1502 is not a peremptive statute. The Defendants assert that the categorization *399 |4of the statute is irrelevant and that the Plaintiffs’ claims are time-barred whether La. R.S. 12:1502 is peremptive or prescriptive. Plaintiffs’ assertion has merit.
“Peremption is a period of time fixed by law for the existence of a right” and “[u]n-less timely exercised, the right is extinguished upon the expiration of the per-emptive period.” La. C.C. art. 3458. “Peremption may not be renounced, interrupted, or suspended.” La. C.C. art. 3461. This Court described the differences between peremption and prescription as follows:
Conceptually, there may not be much difference between prescription and per-emption since both have the effect of terminating litigation. However, it is undisputed that the two theories differ in their operation. Prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation. La. C.C. art. 3447. Therefore, as an inchoate right, it may be interrupted, suspended, and renounced. Prescription is subject to the suspensive principle of contra non va-lentem, a judicially created doctrine that is applied to prevent the running of prescription in instances where good cause results in a plaintiffs inability to exercise his cause of action at accrual. Reeder v. North, [97-0239 (La.10/21/97) ] 701 So.2d [1291] at 1298. In stark contrast, public policy dictates that peremption extinguish or destroy a right to legal action after passage of a specified period. La. C.C. art. 3458. As such, nothing may interfere with the running of a peremptive period. Therefore, it may not be interrupted, suspended, or renounced. La. C.C. art. 3461. Unlike prescription, exceptions suspending the running of time delays, such as contra non valentem, are inapplicable. Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 723 (La.1986).
Brumfield v. McElwee, 07-0548, p. 9 (La. App. 4 Cir. 1/16/08), 976 So.2d 234, 241.
The outcome depends upon whether La. R.S. 12:1502 is peremptive or prescriptive in nature. The statute in the case sub judice, La. R.S. 12:1502, provides in pertinent part:
A. The provisions of this Section shall apply to all business organizations formed under the laws of this state | sand shall be applicable to actions against any officer, director, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated.
B. The term “business organization” includes any entity formed under the laws of this state engaged in any trade, occupation, profession, or other commercial activity including but not limited to professions licensed by a state or other governmental agency. This Section shall apply without limitation to corporations, incorporated or unincorporated associations, partnerships, limited liability partnerships, partnerships in commen-dam, limited liability companies, or cooperative associations or other entities formed under the laws of this state.
C. No action for damages against any person described in Subsection A of this Section for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence, but excluding any action covered by the provisions of Subsection D of this Section, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in no event shall an *400 action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act, omission, or neglect.
D. No action for damages against any person listed in Subsection A of this Section for intentional tortious misconduct, or for an intentional breach of a duty of loyalty, or for an intentional unlawful distribution, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act or omission.
E. The time limitations provided in this Section shall not be subject to suspension on any grounds or interruption except by timely suit filed in a court of competent jurisdiction and proper venue.
After the trial court’s ruling in the case sub judice, this Court held that La. R.S. 12:1502 is a “prescriptive statute that is subject to time limitations that have |fiperemptive attributes.” Suhren v. Gibert, 10-0767, pp. 9-10 (La.App. 4 Cir. 1/12/11), 55 So.3d 941, 947. However, this Court further espoused that “the time limitations contained within this statute do not allow for plaintiffs, such as Mr. Suhren, to levy claims under the continuous tort doctrine.” Suhren, 10-0767, p. 10, 55 So.3d at 947. Finally, this Court held that because “La. R.S. 12:1502 is a prescriptive statute with peremptive time limitations, Mr. Suh-ren would be entitled to pursue claims ... that have not prescribed.” Suhren, 10-0767, p. 11, 55 So.3d at 948. Suhren is the law of this circuit. Therefore, because La. R.S. 12:1502 is prescriptive in nature, we find that the trial court committed legal error in granting the Defendants’ exception of peremption and reverse. Based on the facts and circumstances of this case, we remand the matter to the trial court to distinguish which of the Plaintiffs’ claims are not prescribed pursuant to La. R.S. 12:1502. See Suhren, 10-0767, p. 12, 55 So.3d at 948.

DECREE

For the above mentioned reasons, we find that the trial court erred by granting the Defendants’ exception of peremption. We reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED
BONIN, J., concurs and assigns reasons.

. One of the Plaintiffs subsequent supplemental and amended petitions added MarketFare as an additional party plaintiff.

. The Plaintiffs named MarketFare as a nominal party defendant.

. The Plaintiffs filed several supplemental and amending petitions that added Cecilia Poché Bono and Josephine L. Poché as additional parties defendants.

. The denial of the Defendants' no cause of action is not before this Court in the appeal.

. The Plaintiffs filed an application for supervisory review with this Court on January 3, 2011. This Court's writ disposition addressed the Plaintiffs' issues regarding their motion to disqualify. However, this Court declined to exercise its discretionary jurisdiction as to the exception of peremption due to cognizance that the trial court designated that portion of its judgment final and appealable. Robert v. Robert Mgmt. Co., LLC, 11-0003 (La.App. 4 Cir. 4/25/11), unpub., writ denied, 11-1108 (La.9/16/11), 69 So.3d 1148.