| | | |
|---|---|---|
| WALTER CASTRO | * | NO. 2024-CA-0104 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| GASTON HAULING, LLC, | * | |
| GASTON CORONEL, | | FOURTH CIRCUIT |
| PROGRESSIVE PALOVERDE | * | |
| INSURANCE COMPANY AND | | STATE OF LOUISIANA |
| "ABC" INSURANCE | * * * * * * * | |
| COMPANY | | |

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 19-0363, DIVISION "A"
Honorable William M McGoey, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Nakisha Ervin-Knott)


Walter Castro, *Pro Se*
1020 St. Julien Drive #121
Kenner, LA 70065

      COUNSEL FOR PLAINTIFF/APPELLANT


John C. Ginart
Michael C. Ginart, Jr.
Joyce D. Young
Nicholas N.S. Cusimano
LAW OFFICES OF MICHAEL C. GINART, JR. & ASSOCIATES
2114 Paris Road
Chalmette, LA 70043


      COUNSEL FOR DEFENDANTS/APPELLEES


                    **AFFIRMED**
                 **September 13, 2024**

Walter Castro ("Mr. Castro") seeks review of the trial court's October 13, 2023 judgment dismissing his case with prejudice for failure to carry his burden of proof.[1] After considering the record before this Court, we affirm the trial court's judgment.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This civil action emanates from a single-vehicle accident that occurred on November 14, 2016, at the Interstate 10 East exit ramp in St. Martin Parish. At the time of the accident, Mr. Castro was transporting a load for Gaston Hauling, LLC ("Gaston") while operating a 2000 Mack truck ("truck") owned by Gaston. While traversing the ramp's curve, Mr. Castro was unable to reduce speed – allegedly due to defective brakes – causing the truck to flip over on its side. Mr. Castro was injured as a result of this accident.

Mr. Castro instituted proceedings by filing a petition in the Office of Workers' Compensation on April 14, 2017. Almost two years later, the workers' compensation court signed a judgment determining that Mr. Castro was not a qualified employee of Gaston under the Louisiana Workers' Compensation Act – thus, allowing Mr.

_____

[1] On appeal, Mr. Castro is a *pro se* litigant. However, for all matters that occurred at the trial court, Mr. Castro was represented by counsel.

Castro to proceed in tort. On March 12, 2019, Mr. Castro filed a petition for damages with the trial court and named the following individuals and entities as defendants: Gaston, Gaston Coronel ("Mr. Coronel"), and Progressive Paloverde Insurance Company ("Progressive").[2]

This matter proceeded as a bench trial on July 25-26, 2023, during which several witnesses testified: Mr. Castro, Tyler Latiolais, Monica Edwards, Mr. Coronel, and Luis Quijos ("Mr. Quijos"). At the close of trial, counsel for Mr. Coronel and Gaston moved for a directed verdict, and the trial court gave the parties an opportunity to submit post-trial memoranda. On October 13, 2023, the trial court issued a judgment dismissing Mr. Castro's case with prejudice for failure to carry his burden of proof. The trial court did not provide any reasons for judgment. In response to the trial court's judgment, Mr. Castro filed a motion for appeal on November 30, 2023, and the order granting the appeal was signed on January 11, 2024.[3]

## STANDARD OF REVIEW

"A trial court's factual determinations made after a bench trial are reviewed with the manifest error/clearly wrong standard of review." *Reaver v. Degas House, LLC*, 2022-0464, p. 3 (La. App. 4 Cir. 3/13/23), 359 So.3d 570, 573 (citing *Hall v. Folger Coffee Co.*, 2003-1734, p. 9 (La. 4/14/04), 874 So. 2d 90, 98). "This standard

---

[2] Progressive filed a motion for summary judgment asserting its policy issued to Mr. Coronel did not afford any coverage for this motor vehicle accident. The trial court granted the motion dismissing Progressive with prejudice and signed the judgment on June 30, 2021.

[3] The original order granting Mr. Castro's appeal was signed on the same day the motion for appeal was filed. However, according to the January 11, 2024 order, "the clerk's office did not process Mr. Castro's motion due to an arrearage owed by his prior counsel," and the trial court had granted his motion to proceed in forma pauperis. Therefore, the trial court issued the January 11, 2024 order granting Mr. Castro's appeal.

'precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety.'" *Id.*

Conversely, "[l]egal questions are reviewed utilizing the *de novo* standard of review." *Id.* at p. 3, 359 So.3d at 574 (citing *Robert v. Robert Mgmt. Co., LLC*, 2011-0406 (La. App. 4 Cir. 12/7/11), 82 So.3d 396, 398).

## DISCUSSION

As his sole assignment of error, Mr. Castro asserts the trial court erred in dismissing the case without adequately explaining the factual or legal basis for its decision. Thus, we find the question posed before this Court to be whether the law required the trial court to provide reasons for judgment. "In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the mailing of the notice of the signing of the judgment." La. C.C.P. art. 1917(A). Further, "[i]n nonjury cases to recover damages for injury, death, or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code." La. C.C.P. art. 1917(B). "These findings need not include reasons for judgment." *Id.*

In the matter herein, Mr. Coronel and Gaston moved for a directed verdict, and the trial court permitted the parties to submit post-trial memoranda. After receiving the post-trial memoranda, the trial court issued a judgment dismissing Mr. Castro's case based on his failure to carry his burden of proof that Mr. Coronel and Gaston were liable for the subject accident. Under La. C.C.P. art. 1917, the trial court was not required to provide written reasons for judgment unless requested within ten days of the mailing of the notice of signing of judgment. The record reflects that no

3

such request was made by any party. In the October 13, 2023 judgment, the trial court made the specific finding that Mr. Castro failed to carry his burden of proof. This specific finding was sufficient as reasons for judgment were not required under the law.

Mr. Castro cites to several cases to support his argument that the trial court's judgment should be reversed for insufficient reasons for judgment. [4] However, his use of these cases is misplaced as none of these cases stand for the proposition that a trial court's judgment should be reversed due to a lack of, or inadequate, reasons for judgment. Given the facts and pertinent law in this case, the trial court did not err in failing to provide reasons for its judgment. Therefore, we find Mr. Castro's argument to be without merit.

Moreover, upon reviewing the record in its entirety, we find the trial court was not manifestly erroneous in dismissing Mr. Castro's case with prejudice for failure to carry his burden of proof. In *Harvey v. Hamby*, this Court stated:

> Under Louisiana's duty-risk analysis, the determination of liability in a negligence case requires proof of five separate elements:
>
> (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element).

---

[4] Mr. Castro cites to five cases: *Palowsky v. Campbell*, 2018-1105 (La. 6/26/19), 285 So.3d 466; *State v. Chapman*, 55,213 (La. App. 2 Cir. 12/6/23), 374 So.3d 1186; *Bourgeois v. La. State Racing Comm'n*, 2010-0573 (La. App. 4 Cir. 11/12/10), 51 So.3d 851; *State in Interest of A.L.D.*, 2018-1271 (La. 1/30/19), 263 So.3d 860; and *Ballard v. Ballard*, 53,953 (La. App. 2 Cir. 5/26/21), 321 So.3d 517.

2023-0084, p. 11 (La. App. 4 Cir. 10/4/23), 376 So.3d 225, 235 (citing *Hanks v. Entergy Corp.*, 2006-477, pp. 20-21 (La. 12/18/06), 944 So.2d 564, 579). Mr. Castro maintains Mr. Coronel and Gaston had two duties – to ensure the truck was properly maintained and provide the requisite number of straps necessary to secure the load on the truck – and breached these duties when they neglected to repair the deficient brakes and failed to provide the proper number of tie downs on the truck. He further contends these alleged breaches in their duties were the cause in fact of the accident, which resulted in his injuries.

The undisputed evidence in the record establishes Mr. Castro did not prove by a preponderance of the evidence that Mr. Coronel and Gaston were liable for this accident. Both Mr. Castro and Mr. Coronel testified that three days before the subject accident, the truck was cited by the Louisiana State Police for failure to maintain the brakes and failure to have the proper number of tie downs on the truck. Regarding the brakes, Mr. Coronel testified that the day after the truck was cited, he brought the truck to Quijos Brothers for brake repairs. Mr. Quijos, the owner of Quijos Brothers, substantiated Mr. Coronel's testimony that the truck was brought to his shop for brake repairs. Mr. Quijos confirmed that he repaired the truck's brakes, and that when the truck left his shop, the brakes were working properly. Mr. Castro did not present any evidence to controvert these facts – thus, Mr. Coronel and Gaston established that the brakes were repaired at the time Mr. Castro was operating the truck on the day of the accident.

Shifting to the tie downs, the truck was cited under 49 CFR 393:132c. Mr. Coronel testified that there were sufficient tie downs present on the truck, and if the correct number of tie downs were not present, the truck would have been cited under a different regulation, 49 CFR 393.110. Thus, Mr. Coronel and Gaston established

5

that there were a sufficient number of tie downs present on the truck three days before the accident. Mr. Castro failed to present any evidence to show that there were an insufficient number of tie downs present on the truck at the time of the accident. In fact, the evidence supports a finding that at the time of the accident, Mr. Castro failed to use the correct number of tie downs to secure the load.

The evidence in the record demonstrates that at the time of the subject accident, the brakes had been repaired and the truck possessed the requisite number of tie downs. Consequently, Mr. Coronel and Gaston did not breach their duties, and without a breach in duty, they could not be held liable for Mr. Castro's accident. Accordingly, the trial court was not manifestly erroneous in dismissing Mr. Castro's case with prejudice for failure to carry his burden of proof.

## **DECREE**

For the foregoing reasons, we affirm the trial court's October 13, 2023 judgment dismissing his case with prejudice for failure to carry his burden of proof.

**AFFIRMED**